# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BETTY E. SHARPE,**

                        **Plaintiff,**

**-vs-**                                              **Case No.  6:06-cv-1055-Orl-19JGG**

**UNITED STATES ARMY,**

                        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 17, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**, and that the case be **DISMISSED** without prejudice for lack of subject matter jurisdiction, failure to state a claim, and frivolousness pursuant to 28 U.S.C. § 1915 (e)(2).

## I.     BACKGROUND

        Plaintiff Betty E. Sharpe seeks leave to proceed *in forma pauperis*.  Docket No. 2.  On July

17, 2006, filed a Plaintiff filed a complaint against the "United States Army."  Docket No. 2.  The

complaint, in its entirety, states:

        I would like my name cleared of these malicious untruths.  I would like to have my pay
        for the 2 years I was on active duty in the DOD's computer.  I would like monetary
        damages for emotion al distress, defamation of character[, and] slander.  I would [like]

to be put back in Service . . . but not in the army for fear of reprisals . . . like . . . killing me and saying it was an accident.  We went from [sic] the White House, the Pentagon[, and] the Armed Services Committee to resolve this issue but to no avail.  I have all proff [sic] and witnesses to back up what I'm saying [sic].

Docket No. 1-1 at 2 (ellipses in original).

Plaintiff filed three attachments to her complaint.  One attachment is a Record of Proceedings dated January 12, 2006, in which the Department of the Army, Board for Correction of Military Records [the "Department of the Army"] denied Plaintiff's request "that she be granted a medical waiver that will allow her to enlist."  Docket No. 1-2 at 2, ¶ 1.  The Record of Proceedings states that Plaintiff enlisted in the United States Army on January 6, 1997, but was discharged on April 1, 1997 after a physician diagnosed her with Personality Disorder.  *Id.* at 3-5, ¶¶ 1, 5, 9.  On July 12, 2001, Plaintiff re-enlisted in the Army, and was discharged on September 21, 2001 for failure to meet medical fitness standards related to bilateral knee pain.  *Id.* at 6, ¶¶ 16, 18, 20.  Plaintiff also submitted with her complaint: 1.)  a Psychological Evaluation from March 2000 in which a psychologist states that Plaintiff does not have a personality disorder; and 2.)  a letter from a medical doctor dated April 29, 2003, stating that Plaintiff does not have knee problems and would be able to perform "full activities in the Army."  Docket Nos. 1-3, 1-4.

On August 25, 2006, the Court deferred ruling on Plaintiff's motion for leave to proceed *in forma pauperis*, having found Plaintiff's complaint to be insufficient.  Docket No. 4.  The Court noted that the Court of Federal Claims likely had exclusive jurisdiction over Plaintiff's claim for back wages; that Plaintiff failed to show that she exhausted her administrative remedies for her tort claims (emotional distress, defamation of character, and slander); and that the district court did not have jurisdiction over Plaintiff's claim of slander *Id.* at 11-12.  The Court further found that overall, aside

from submitting three attachments to the complaint without explanation, Plaintiff failed to allege facts that form a statement sufficient to give Defendant notice of the nature of her claims.  Docket No. 4 at 12.  Finally, the Court ordered Plaintiff to file an amended complaint "curing the defects described" in the order on or before September 8, 2006.  *Id.* at 13.

On September 5, 2006, Plaintiff filed an amended complaint.  Docket No. 5.  In the amended complaint, Plaintiff asks the Court to:

> 1.) re establish [sic] [her] reputation so she can get a job in the medical community or get a job doing whatever my future holds for me [sic].
> 2.) change the RE code [sic] on my discharges from A 3 to A 1 [sic].
> 3.) put [her] back in the military . . . but [she] prefer[s] to be in the Air Force not the Army for fear of reprisals.
> 4.) [award] $43,200 in back pay for the 2 years that I was on active duty in the computer [sic].
> 5.) . . . [award her] promotions for being in the Army for those 2 years in the computer [sic].
> 6.) . . . reason [sic] for being discharged on both discharges changed [sic].
> 7.) . . . [award] $50 million for malicious slander, emotional distress . . . [and] [psych]ological distress[;] and
> 8.) . . . [order] the Army to pay taxes on any monetary damages awarded.

Docket No. 5 at 2-3.  In separate notes submitted with the amended complaint, Plaintiff also states that the federal district court

> should have jurisdiction over my case because of the simple fact that I've tried to go through the proper channels . . . but instead . . . the President, the Pentagon, Recruiting Command, Secretary of Defense, and finally, the Secretary of the Army did nothing but pass the buck, give me the run-around or say "it's out of our jurisdiction."

Attachments to Amended Complaint at 1 (ellipses in original).[1]  Plaintiff also submitted a list of "people [she] would like to bring into court[,]" which includes the names and telephone numbers of,

---

[1]The attachments to the amended complaint were not electronically scanned, and are contained in the paper case file.

*inter alia*, "Ssgt. Mebane," the Armed Services Committee, "Sen. Clinton," "Sen. McCain," "Sen. Trent Lott," the Secretary of the Army, and "The President @ [sic] 1600 Penns[yl]vania Ave[.]" Attachments to Amended Complaint at 2-3. Plaintiff further filed four photographs of herself which she alleges is evidence that she does not have scars as a result of a suicide attempt (*id.* at 6-8), as well as at least fifty pages of other documents, including medical records, a diploma, and letters (*id.* at 9-63. The letters are responses to Plaintiff's inquiries from the offices of the White House Director of Presidential Correspondence, and United States Senators John McCain and Hillary Rodham Clinton, who all state that they cannot help Plaintiff with her medical discharges from the military. *Id.* at 39-41.

## II.    THE LAW

### A.    Leave to Proceed *In Forma Pauperis*

#### 1.    The Statute and Local Rules

The United States Congress has required that the district court review[2] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis.* The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief

---

[2]Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

> may be granted; or
> (iii)  seeks monetary relief against a
>        defendant who is immune from
>        such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01 (c)(18).  With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.  *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07 (a).

2.    Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[4]  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway

---

[3] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2).  *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### 3.   Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

### a.   *Frivolous Factual Allegations*

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke*, 490 U.S. at 325-28. The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (citing *Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit

without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

> b.    *Frivolous Legal Theories*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[5] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Id.* at 640. Also, the absolute immunity of the

---

[5]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

defendant would justify the dismissal of a claim as frivolous.  *See Clark*, 915 F.2d at 640;  *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages);  *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers);  *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981);  *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984).  Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. *See Patterson*, 628 F.Supp. at 1076;  *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332.  When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.  *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Id.* at 641.  If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal.  It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim.  *Id.*  If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable

claim.  *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989);  *Wilson*, 878 F.2d at 849;

*Franklin*, 563 F.Supp. at 1324.

### B.   Notice Pleading

Rule 8 of the Federal Rules of Civil Procedure allows a plaintiff considerable leeway in

framing his complaint.  Rule 8 states that:

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain
> statement of the grounds upon which the court's jurisdiction depends,  . . . (2) a short
> and plain statement of the claim showing that the pleader is entitled to relief, and (3)
> a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  The plaintiff need not set forth all the facts upon which the claim is based.

However, the statement of the claim must give the defendant "fair notice" of the claim and the grounds

upon which the claim rests.  *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th

Cir.1996).  In general, the court should construe *pro se* pleadings more liberally than formal pleadings

drafted by lawyers.  *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir.2002).

### C.   The Military Pay Act

Plaintiff seeks to proceed *in forma pauperis* against the United States Army.  Under traditional

principles of sovereign immunity, the United States is immune from suit except to the extent the

government has waived its immunity.  The Tucker Act, however, waives sovereign immunity over

claims: 1.) founded on an express or implied contract with the United States; 2.) seeking a refund from

a prior payment made to the government; or 3.) based on federal constitutional, statutory, or regulatory

law mandating compensation by the federal government for damages sustained.  28 U.S.C. §

1491(a)(1)[6]; *United States v. Testan*, 424 U.S. 392, 400 (1976).  An express or implied contract with the United States Army is considered a contract with the United States.  28 U.S.C. § 1491(a)(1).

The Tucker Act is jurisdictional, and does not create a substantive right of recovery against the United States.  *Testan*, 424 U.S. at 400.  Claims against the United States exceeding $10,000 may *only* be brought in the United States Court of Federal Claims.  28 U.S.C. §§ 1346(a)(2), 1491(a)(1).  United States District Courts have concurrent jurisdiction with the United States Court of Federal Claims over any action in which the claim does not exceed $10,000.  28 U.S.C. §1346(a)(2).

Plaintiff seeks $43,000 in back wages for the years she claims she was on "active duty" in the United States Army.  The Military Pay Act sets forth a uniformed service member's entitlement to pay.  37 U.S.C. § 204.[7]  This Act confers upon members of the armed services a *substantive right* to recover damages against the United States, but only for members who were involuntarily separated prior to the end of their enlistment terms.  *Spehr v. United States*, 51 Fed. Cl. 69, 81 (2001); *Murphy v. United States*, 69 Fed. Cl. 593, 600 (2006).  If a plaintiff's separation from the military was voluntary, courts lack jurisdiction to hear claims for back wages.  *Murphy*, 69 Fed. Cl. at 601-02.

---

[6]Section 1491 grants the United States Court of Federal Claims jurisdiction to render judgment against the United States for damages on various types of claims, including any non-tort claim founded on "the Constitution, . . . any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . ."  28 U.S.C. §1491(a)(1).

[7]Section 204(a) provides that:

[t]he following persons are entitled to the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service . . .
(1) a member of a uniformed service who is on active duty; and
(2) a member of a uniformed service, or a member of the National Guard who is not a Reserve of the Army or the Air Force, who is participating in full-time training, training duty with pay, or other full-time duty, provided by law . . .

37 U.S.C. § 204(a).

Plaintiff also asks the Court to amend her military records, grant her a promotion, and place

her in the Air Force.  Docket No. 5 at 2.  While the Military Pay Act merely sets forth entitlement to

pay, the Tucker Act states that in order "[t]o provide provide an entire remedy and to complete the

relief afforded by" a money judgment against the United States, courts may

> as **an incident of and collateral to** any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.  **In any case within its jurisdiction**, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

28 U.S.C. § 1491(a)(2).

### D.    The Federal Tort Claims Act

Plaintiff also appears to allege tort claims (slander, emotional distress, and psychological

distress) against the United States Army.  In 1946, Congress adopted the Federal Tort Claims Act

["FTCA"], 28 U.S.C. §§ 1346 (b), 2671 *et seq*.  Although subject to numerous exceptions, the

FTCA waives the federal government's sovereign immunity for claims based on the negligence of

its employees.  The FTCA authorizes suits against the United States for damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346 (b)(1).

Under the FTCA, the United States is liable for tort claims "in the same manner and to the

same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The substantive

law of the state where the tortious act or omission occurred governs a claim brought under the

FTCA. *See Creekmore v. United States*, 905 F.2d 1508, 1510 (11th Cir. 1990). Among other limitations, however, the FTCA further provides that the grant of jurisdiction under § 1346 "shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, **libel**, **slander**, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h) (emphasis added).

Before a plaintiff may bring suit against the United States in federal court under the FTCA, she must present her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).[8] *See Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975). The exhaustion of administrative remedies is jurisdictional, and cannot be waived. *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980). In order to satisfy the administrative notice requirements set forth in § 2675(a), a claimant must: 1.) give the agency written notice of the claim to enable the agency to investigate; and 2.) place a value on the claim. *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). The notice must be provided in writing to the appropriate federal agency within *two years after the claim accrues,* or it is forever barred. 28 U.S.C. § 2401(b); *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982). A court lacks subject matter jurisdiction over a federal tort suit when the plaintiffs have failed to exhaust their administrative remedies under the FTCA. *See United States v. Kubrick*, 444 U.S. 111, 117 - 18 (1979).

## III.   ANALYSIS

Plaintiff's amended complaint is insufficient, even by the liberal standards for notice pleading and for *pro se* complaints. Plaintiff did not cure the defects in her original complaint.

---

[8]28 U.S.C. § 2675(a) states that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

First, the district court does not have jurisdiction over Plaintiff's claims.  Plaintiff seeks tort

damages from a federal defendant, but Plaintiff failed to show that she exhausted her

administrative remedies.  In her amended complaint, she makes no claim that she presented her

claims to the appropriate federal agency pursuant to the FTCA, 28 U.S.C. § 2675(a).  Plaintiff's

statement that "the President, the Pentagon, Recruiting Command, Secretary of Defense, and . . .

the Secretary of the Army did nothing but pass the buck" is not sufficient to show that Plaintiff

exhausted her administrative remedies by giving the appropriate agency written notice of the

claim; placing a value on her claim; and presenting her notice within two years after the claim

accrued.

In addition, Court does not have jurisdiction over Plaintiff's claim of slander under 28

U.S.C. § 2680(h).  Similar to Plaintiff's original complaint, it is not clear in the amended

complaint whether Plaintiff's claims for "emotional distress" and "[psych]ological distress" are

part of her slander claim, or whether Plaintiff intended to allege separate counts for  different

torts.[9]

Plaintiff also asks the Court to: award $43,000 in back wages; amend her military records;

grant her promotions; place her in the Air Force; and "[r]e establish [sic]" her reputation.  Docket

No. 5 at 2-3.  First, the Court of Federal Claims has exclusive jurisdiction over Plaintiff's claim for

back wages pursuant to 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).  Second, neither the district court nor

the Court of Federal Claims has jurisdiction to place Plaintiff in the Air Force  (*not* the Army) or

---

[9] *See Time, Inc. v. Firestone*, 424 U.S. 448, 460 (1976) (stating that personal humiliation and mental anguish and suffering are compensable injuries in defamation actions); *see also* RESTATEMENT (SECOND) OF TORTS § 623 (2006) ("[o]ne who is liable to another for a libel or slander is liable also for emotional distress . . .").

restore Plaintiff's "reputation."  To the extent Plaintiff's other requests are even cognizable claims, the Court of Federal Claims has exclusive jurisdiction over those claims "as an incident to and collateral to" her claim for $43,000 in back wages under 28 U.S.C. § 1491(a)(2).

Finally, in her amended complaint, Plaintiff states no names or dates related to her claims. Despite having submitted approximately sixty pages of documents as attachments, Plaintiff never explains or even refers to the documents in her amended complaint.  Even assuming this Court has jurisdiction over Plaintiff's claims, Plaintiff's amended complaint does not form a statement sufficient to give Defendant notice of the nature of her claims.  In its order to file an amended complaint, the Court stated similar concerns, and warned that failure to fully comply with the order would result in the denial of the *in forma pauperis* application and dismissal of the complaint without prejudice.  Docket No. 4 at 12-13.  Plaintiff failed to cure the defects as ordered.

Accordingly, it is **RECOMMENDED** that Plaintiff's **APPLICATION TO PROCEED IN FORMA PAUPERIS**  [Docket No. 2] be **DENIED**, and that the case be **DISMISSED** without prejudice for lack of subject matter jurisdiction, failure to state a claim, and frivolousness pursuant to 28 U.S.C. § 1915 (e)(2).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 18, 2006

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy